BRIAN MILLSAP V. SHOW TRUCKS USA, INC.

NO. 07-02-0464-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 4, 2003

______________________________

PATRICIA LYNN KYLES,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 86473; HON. CHARLES D. CARVER, PRESIDING

_______________________________

ABATEMENT AND REMAND

__________________________________

Before QUINN and REAVIS, JJ. and BOYD, S.J.
(footnote: -6)
 Patricia Lynn Kyles (appellant)
 appeals her conviction for misdemeanor theft.  
The clerk’s record was filed on October 15, 2002.  The reporter’s record was filed on December 12, 2002.  Thus, appellant’s brief was due on January 13, 2003.  However, one was not filed on that date.  By letter dated January 21, 2003, we notified appellant’s counsel, Norman Desmarais, of the expired deadline and directed him to respond to our notification of same by Friday, January 31, 2003, or the appeal would be abated to the trial court pursuant to T
ex. R. App. P. 
38.8.   January 31, 2003, passed without appellant submitting any response to our notice. 

Consequently, we abate this appeal and remand the cause to the Criminal District Court of Jefferson County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

whether appellant desires to prosecute the appeal;

 

2.   whether appellant is indigent; and,

3.   whether appellant has been denied the effective assistance of counsel due to counsel’s failure to timely file a brief.   
See
 
Evitts v. Lucey
, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief). 

 

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects.  Should the trial court find that appellant desires to pursue this appeal, is indigent, and was denied effective assistance of counsel, then we further direct the court to appoint new counsel to assist in the prosecution of the appeal.  The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the court’s findings of fact and conclusions of law.  Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk’s record containing the findings of fact and conclusions of law and 2) a reporter’s record transcribing the evidence and argument presented at the aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk’s record to be filed with the clerk of this court on or before March 5, 2003.  Should additional time be needed to perform these tasks, the trial court may request same on or before March 5, 2003.

It is so ordered.

Per Curiam

Do not publish.

FOOTNOTES
-6:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code Ann. §75.002(a)(1) (Vernon Supp. 2003).